



## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-6500
Re: Is Comptroller of Public
Accounts authorized to issue
a warrant in payment of a
mortuary claim where the
claim was not presented until
after forty days had elapsed
from the time of the death of
the pensioner?

Your request for an opinion on the above question has been submitted to this department.

We quote from your letter as follows:

"Article 6227, Revised Civil Statutes of 1925, reads in part as follows:

"'Whenever any pensioner who has been regularly placed upon the pension rolls under the provisions of law relating thereto, shall die and proof thereof shall be made to the Comptroller within forty days from the date of such death by the affidavit of the doctor who attended the pensioner during the last illness, or the undertaker who conducted the funeral, or made arrangements therefor, the Comptroller shall issue a mortuary warrant for an amount not exceeding One Hundred ($100.00) Dollars, payable out of the pension fund, in favor of the heirs or legal representatives of the deceased pensioner, or in favor of the person or persons owning the accounts (proof of the existence and justice of such accounts to be made to said Comptroller under oath and in such form as he may require); for the purpose of paying the funeral expenses of the deceased pensioners.'

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"I call your attention to the provisions
of the above quoted statute,

"'and proof thereof shall be made to the
Comptroller within forty days from the date of
such death. . . . '

"This department has construed that as a
mandatory provision and has held that any claim
filed later than forty days after the death of
the pensioner is barred by limitation. There are
a number of claims now pending for the payment
of mortuary warrants where such limitation has
run, and the question has risen as to whether
this forty-day provision in the statute is
mandatory or directory.

"I shall, therefore, thank you to advise
whether this department is authorized to issue
a warrant in payment of a mortuary claim where
the claim was not presented until after forty
days had elapsed from the time of the death of
the pensioner."

Section 1 of House Bill No. 89, Chapter 16, page
26, Acts of the 38th Legislature, Regular Session, 1923,
reads as follows:

"Section 1. Whenever any pensioner who has
been regularly placed upon the pension rolls under
the provisions of law relating thereto, shall die
and proof thereof shall be made to the commissioner
of pensions within forty days from the date of such
death, by the affidavit of the doctor who attended
the pensioner during the last illness, or the under-
taker who conducted the funeral, or made arrangements
therefor, the commissioner of pensions shall have
authority to approve and have issued by the Comptroller
of Public Accounts a mortuary warrant for an amount not
exceeding sixty-five ($65.00) dollars, payable out of
the pension fund, in favor of the heirs or legal rep-
resentatives of the deceased pensioner, or in favor
of the person or persons owning the accounts (proof
of the existence and justice of such accounts to be
made to said commissioner under oath and in such form
as he may require) for the purpose of paying the
funeral expenses of the deceased pensioner. In such
cases where a warrant for the pension for the quarter
during which the pensioner died has been issued, the
same shall be returned to the commissioner of pension,

433

who shall mark the same 'cancelled', and file it
with the Comptroller of Public Accounts before
the mortuary warrant herein provided for shall
issue. Where such warrant for the pension has
not been issued, the same shall not be issued, but
the mortuary warrant herein provided for shall
take the place thereof."

This statute (Article 6227 V.A.C.S.) was amended
by the 41st Legislature, Regular Session, 1929, so as to
provide for a mortuary warrant not exceeding $100.00 instead
of $65.00, and substituted the comptroller for commissioner
of pensions whenever it was used in the Act. Article 6227
was again amended by Acts 1943, 48th Leg., p. 157, ch. 106,
§ 3, which you have correctly quoted in your opinion request.

Each of the three above statutes contained the
following provisions:

"Whenever any pensioner who has been regularly
placed upon the pension rolls under the provisions
of the law relating thereto, shall die and proof
thereof shall be made to the . . . within forty days
from the date of such death, by the affidavit of the
doctor who attended the pensioner during the last
illness, or the undertaker who conducted the funeral,
or made arrangements therefor."

The 1923 act provided that the proof should be made to the
commissioner of pensions, and the 1929 amendment and the
present law both provide that the proof shall be made to the
Comptroller.

Your department has construed the underlined portion
of Article 6227, supra, "as a mandatory provision and has held
that any claim filed later than forty days after the death of
the pensioner is barred by limitation." In the case of
Burroughs et al vs. Lyles, County Chairman, et al, 181 S. W.
(2d) 570, the Supreme Court of Texas said:

"This long-continued administrative construc-
tion is entitled to great weight, especially in
view of the fact that the statute was amended as
late as 1943, and the Legislature, which is pre-
sumed to have been aware of the interpretation,
made no changes in the language that would indicate
a contrary intent."

The Comptroller's Department has construed the above portion of the Act since sometime in 1929, and the Legislature is presumed to have been aware of this interpretation, when they amended Article 6227 in 1943, and made no changes in the language that would indicate a contrary intent. In fact a careful study of both the 1929 statute, and the 1943 amendment thereto reveal that the Legislature did not so much as change one word in the pertinent portion of the Act under consideration here.

Article 6227, supra, is very clear and definite, but if it did contain an ambiguity, we would have to look to the departmental construction of the statute. In McCallum vs. Associated Retail Credit Men of Austin, 41 S. W. (2d) 45, the Commission of Appeals of Texas in an opinion adopted by the Supreme Court stated:

"The rule that a departmental ruling adhered to through years of administering of a statute will be given weight, only applies to statutes of doubtful construction. Such a rule has no application to a statute, such as this, that is not of doubtful construction or application. Ramsy v. Tod, 95 Tex. 614; see body of opinion, page 626, 69 S. W. 133, 136, 93 Am. St. Rep. 875."

59 C. J. 1078 reads as follows:

"A statute specifying a time within which a public officer is to perform an official act regarding the rights and duties of others, and made with a view to the proper, orderly, and prompt conduct of business, is usually directory, unless the phraseology of the statute, or the nature of the act to be performed and the consequences of doing or failing to do it at such time, is such that the designation of time must be considered a limitation on the power of the officer. So a statute requiring a public body, merely for the orderly transaction of business, to fix the time for the performance of certain acts which may as effectually be done at any other time is usually regarded as directory. But such rule of construction is not to be applied to the acts of private parties when the law to be construed creates no new right or remedy, but is designed to regulate one already existing. So under statutes conferring privileges on private individuals for a certain period of time, such privileges cannot be exercised after the lapse of the time allowed."

Hon. Geo. H. Shepperd, page 5

In view of the foregoing authorities, it is the opinion of this department that the provisions of Article 6227 are mandatory and that the Comptroller of Public Accounts is not authorized to issue a warrant in payment of a mortuary claim when the claim is not presented within the forty day period; however, we are merely passing upon the statute as it now exists, and there is no law to prohibit the present Legislature from amending the same.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By: J. C. Davis, Jr.

J. C. Davis, Jr.
Assistant.

JDD:rt

APPROVED APR 26 1945

FIRST ASSISTANT
ATTORNEY GENERAL

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE